UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------X
YOUNG AE KIM, individually and on behalf
of all others similarly situated,

                              Plaintiff,
                                                    MEMORANDUM & ORDER
         -against-                                  19-CV-4672(JS)(ST)

ADVANCED CALL CENTER TECHNOLOGIES, LLC,

                              Defendant.
------------------------------------------X
APPEARANCES
For Plaintiff:      Jonathan M. Cader, Esq.
                    David M. Barshay, Esq.
                    Barshay Sanders, PLLC
                    100 Garden City Plaza, Suite 500
                    Garden City, New York 11530

For Defendant:      Andrew W. Gefell, Esq.
                    Abrams Garfinkel Margolis Bergson, LLP
                    1430 Broadway, 17th Floor
                    New York, New York 10018

SEYBERT, District Judge:

        Plaintiff Young Ae Kim ("Plaintiff") commenced this

proposed class action, individually and on behalf of all others

similarly situated, against defendant Advanced Call Center

Technologies, LLC ("Defendant"), a debt collector, alleging

violations of the Fair Debt Collection Practices Act ("FDCPA"),

15 U.S.C. § 1692, et seq. (Compl., D.E. 1.) Currently before the

Court is Defendant's motion to dismiss the Complaint for failure

to state a claim pursuant to Federal Rule of Civil Procedure

12(b)(6). (Mot., D.E. 17; Def. Br., D.E. 17-3; Pl. Opp., D.E. 19;

Def. Reply, D.E. 20.)  For the following reasons, Defendant's

motion is GRANTED.

BACKGROUND[1]

On or around August 15, 2018, Defendant sent Plaintiff

a one-page letter in an attempt to collect a debt Plaintiff

allegedly owes to Synchrony Bank (the "Letter").  (Compl. ¶ 27;

Letter, D.E. 1-1.)  The top of the Letter states:

ADVANCED CALL CENTER TECHNOLOGIES, LLC

| PO Box 9091 | ACCOUNT #: ENDING IN 2244 |
| Gray, TN 37615-9091 | TOTAL ACCOUNT BALANCE: $9,351.21 |
| 886-312-8374 | AMOUNT NOW DUE: $1,258.00 |
| TTY#: 844-252-5490 | |

STATEMENT DATE: August 15, 2018    RE: Gap Visa® Card Account

(See Letter.)  The Court refers to the address at "PO Box 9091,

Gray, TN 37615-9091" as the "Tennessee Address."  The Letter's

third paragraph states, among other things, that "[a]ll payments

should be made directly to Synchrony Bank using the enclosed

envelope. Do not send payments to this office."  (Id.)  The

Letter's sixth paragraph contains a validation notice:

> Unless you notify this office within 30 days after
> receiving this notice that you dispute the validity of
> the debt or any portion thereof, this office will assume
> this debt is valid. If you notify this office in writing
> within 30 days from receiving this notice, this office
> will: obtain verification of the debt or obtain a copy
> of a judgment and mail you a copy of such judgment or
> verification. If you request this office in writing

---

[1] The following facts are drawn from the Complaint and Exhibits
annexed thereto and are assumed to be true for purposes of this
Memorandum and Order.

within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

(See Letter.) Above a perforated line at the bottom of the Letter reads "PLEASE DETACH AND RETURN BOTTOM PORTION WITH YOUR PAYMENT". Below the perforated line is a payment slip:

PO Box 9091
Gray, TN 37615-9091

STATEMENT DATE: 08/15/18
URL: eservice.gap.com
ACCOUNT #: ENDING IN 2224
TOTAL ACCOUNT BALANCE: $9,351.21
AMOUNT NOW DUE: $1,258.00

Young Kim
237 Great Neck Rd Apt 3A
Great Neck, NY 11021-3327

Synchrony Bank/Gap
PO Box 960017
Orlando, FL 32896-0017

The Court refers to the address at "PO Box 960017, Orlando, FL 32896-0017" as the "Florida Address."

ANALYSIS

I. Legal Standard

To withstand a motion to dismiss, a complaint must contain factual allegations that "'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007)). This plausibility standard is not a "probability requirement" and requires "more than a sheer possibility that a defendant has acted unlawfully." Id. (internal quotation marks and citations omitted).

3

In deciding a motion to dismiss, the Court is confined to "the allegations contained within the four corners of [the] complaint," Pani v. Empire Blue Cross Blue Shield, 152 F.3d 67, 71 (2d Cir. 1998), but this has been interpreted broadly to include any document attached to the complaint, any statements or documents incorporated in the complaint by reference, any document on which the complaint heavily relies, and anything of which judicial notice may be taken. See Chambers v. Time Warner, Inc., 282 F.3d 147, 152-52 (2d Cir. 2002).

II. Discussion

Plaintiff initiated this action on August 14, 2019 alleging that the Letter violated the FDCPA in two ways. (See generally Compl.) The first cause of action alleges that the Letter contains multiple addresses and Defendant failed to "instruct the consumer to which of the multiple addresses provided written disputes must be sent" in violation of 15 U.S.C. §§ 1692g(b), 1692e, and 1692e(10). (Compl. ¶¶ 35-89.) The second cause of action alleges that the "Letter buries the required validation notice within its text" in violation of 15 U.S.C. §§ 1692g(b), 1692e, and 1692e(10). (Compl. ¶¶ 90-137.) Defendant moves to dismiss the Complaint in its entirety. (See Mot.)

A. The FDCPA

"A violation under the FDCPA requires that (1) the plaintiff be a 'consumer' who allegedly owes the debt or a person

4

who has been the object of efforts to collect a consumer debt,
(2) the defendant collecting the debt must be considered a 'debt
collector,' and (3) the defendant must have engaged in an act or
omission in violation of the FDCPA's requirements." Derosa v. CAC
Fin. Corp., 278 F. Supp. 3d 555, 559-60 (E.D.N.Y. 2017), aff'd,
740 F. App'x 742 (2d Cir. 2018). Defendant does not dispute that
Plaintiff is a consumer and that Defendant is a debt collector
within the meaning of the statute. Thus, the sole issue before
the Court is whether the Letter violates the FDCPA.

"In this Circuit, the question of whether a
communication complies with the FDCPA is determined from the
perspective of the 'least sophisticated consumer.'" Jacobson v.
Healthcare Fin. Servs., Inc., 516 F.3d 85, 90 (2d Cir. 2008)
(quoting Clomon v. Jackson, 988 F.2d 1314, 1318 (2d Cir. 1993)).
Indeed, as stated by the Second Circuit:

> The purpose of the least-sophisticated-consumer
> standard, here as in other areas of consumer law, is to
> ensure that the statute protects the gullible as well as
> the shrewd. But in applying this standard, we bear in
> mind the Act's "dual purpose": in addition to protecting
> consumers against deceptive debt collection practices,
> the objective test we apply protects debt collectors
> from unreasonable constructions of their communications.
> Even in "crafting a norm that protects the naive and the
> credulous," we have "carefully preserved the concept of
> reasonableness." Accordingly, the FDCPA does not aid
> plaintiffs whose claims are based on "bizarre or
> idiosyncratic interpretations of collection notices."

Id. (quoting Clomon, 988 F.2d at 1318-20).

5

B. The First Cause of Action

Plaintiff's first cause of action alleges that the Letter violates the FDCPA because it includes two addresses--the Tennessee Address and the Florida Address--and the least sophisticated consumer would be confused as to where to send written disputes and "not dispute the debt at all." (Compl. ¶¶ 54, 35-89.) Defendant argues that the Letter does not violate the FDCPA because it "identifies one address for [Defendant, the Tennessee Address], who is clearly identified as the debt collector" and the "payment slip separately states the address for Synchrony Bank [the Florida Address], who is identified as the creditor to whom Plaintiff is instructed to pay." (Def. Br. at 7; see also Def. Reply at 2-7.) Plaintiff responds that the least sophisticated consumer "would be confused as to whether the instruction for Plaintiff[] to send correspondence" to "this office" means the Tennessee Address or the Florida Address. (Pl. Opp. at 11.) Plaintiff also argues that the Florida Address's placement in a position "traditionally reserved for a return address" causes further confusion as to where to send written disputes. (Pl. Opp. at 14.)

"The presence of multiple addresses on a debt collection letter does not render it misleading . . . unless it is unclear which address a consumer should contact." Kucur v. Fin. Recovery Servs., Inc., No. 19-CV-5453, 2020 WL 1821334, at *4 (E.D.N.Y.

6

Apr. 9, 2020) (internal citations omitted). On the other hand, a "letter that explicitly misdirects consumers to send disputes to the wrong address is materially misleading." Id. (citing Carbone v. Caliber Home Loans, Inc., No. 15-CV-4919, 2016 WL 8711197, at *4 (E.D.N.Y. Sep. 30, 2016) (Seybert, J.)). Nonetheless, "the least sophisticated consumer is capable of 'making basic, reasonable and logical deductions and inferences.'" Id. (quoting Dewees v. Legal Servicing, LLC, 506 F. Supp. 2d 128, 132 (E.D.N.Y. 2007)).

The Letter directs consumers to mail their written disputes to "this office." Although the Letter does not formally define "this office," "multiple signs point" to the conclusion that the Tennessee Address is Defendant's office address for disputes. Taylor v. Am. Coradius Int'l, LLC, No. 19-CV-4890, 2020 WL 4504657, at *4 (E.D.N.Y. Aug. 5, 2020). In reaching this conclusion, the Court agrees with Defendant that Saraci v. Convergent Outsourcing, Inc., No. 18-CV-6505, 2019 WL 1062098, at *3 (E.D.N.Y. Mar. 6, 2019) and Park v. Forster & Garbus, LLP, No. 19-CV-3621, 2019 WL 5895703, at *5-6 (E.D.N.Y. Nov. 12, 2019) guide the analysis.

Here, "the location and context of the addresses . . . make clear that the [least sophisticated consumer] should mail his debt disputes to the" Tennessee Address. Park, 2019 WL 5895703, at *6. The Letter contains two addresses (three when considering

7

Plaintiff's address) and explicitly states that the consumer should make payments "directly to Synchrony Bank using the enclosed envelope. Do not send payments to this office." (See Letter (emphasis added).) The Florida Address appears once and, most importantly, is directly associated "Synchrony Bank/Gap," where the Letter unambiguously directs consumers to make payments. The Florida Address also appears under the perforated line, under "PLEASE DETACH AND RETURN BOTTOM PORTION WITH YOUR PAYMENT," and in a location that is typically visible through the window of an envelope. The Tennessee Address appears twice: at the top of the Letter under Defendant's business name and again at the bottom under the perforated line and without reference to Defendant. When reading the Letter in its entirety, the least sophisticated consumer would understand that payments must be mailed to the Florida Address while disputes must be mailed to the Tennessee Address. Taylor, 2020 WL 4504657, at *4; cf. Pinyuk v. CBE Grp., Inc., No. 17-CV-5753, 2019 WL 1900985, at *7 (E.D.N.Y. Apr. 29, 2019) (granting the plaintiff leave to amend complaint to assert a FDCPA claim where the collection letter included three different addresses but did not provide guidance as to where to mail written disputes). Moreover, the Letter's repeated reference to "this office" lists the same phone number listed directly below the Tennessee Address. This "further support[s] that [the Tennessee address] address is" Defendant's office for disputes. Saraci,

8

2019 WL 1062098, at *3.  As such, the Letter does not violate the FDCPA by including both the Tennessee Address and the Florida Address.

Accordingly, Plaintiff's claim that the Letter violates the FDCPA because it contains multiple addresses is DISMISSED. See, e.g., Dillard v. FBCS, Inc., No. 19-CV-0968, 2020 WL 4937808, at *5 (E.D.N.Y. Aug. 24, 2020) (dismissing claims that a collection letter with multiple addresses violated the FDCPA where "Plaintiff's nitpicks fail to undermine Defendant's letter, which provides effective notice regarding the debt and how to dispute it, inquire about it, or pay it.").

## C. The Second Cause of Action

The Complaint's second cause of action alleges that the Letter violates the FDCPA because it "buries" and overshadows the validation notice within its text and therefore discourages the least sophisticated consumer from exercising his or her right to dispute the debt and/or verify the name of the original creditor. (Compl. ¶¶ 103, 90-137.)  Defendant argues that the validation notice does not violate the FDCPA because it is "front and center on the face of the Letter, in a stand-alone paragraph and printed in clearly readable font."  (Def. Reply at 7; see also Def. Br. at 5-6.)  Plaintiff responds that the Letter violates the FDCPA because the validation notice is "nothing more than boilerplate language" and is "visually inconspicuous."  (Pl. Opp. at 1, 15.)

Specifically, Plaintiff argues that the validation notice is "diminished by the Letter's overall format" because it does not contain a heading or use different font "to inform the recipients that the information is 'important.'" (Pl. Opp. at 15-16.)

A validation notice must convey the information required by § 1692g(a) "'clearly and effectively' so that 'the least sophisticated consumer [will not be] uncertain as to her rights.'" Stark v. RJM Acquisitions LLC, No. 08-CV-2309, 2009 WL 605811, at *3 (E.D.N.Y. Mar. 9, 2009) (quoting Savino v. Computer Credit Inc., 164 F.3d 81, 85 (2d Cir. 1996)) (alteration in the original). Even if the validation notice complies with 1692g(a), "a debt collector violates § 1692g(a) . . . if that notice is overshadowed or contradicted by other language in communications to the debtor." Sarno v. Midland Credit Mgmt., Inc., No. 10-CV-4704, 2011 WL 349974, at *2 (S.D.N.Y. Jan. 31, 2011) (quoting Jacobson v. Healthcare Fin. Servs., Inc., 516 F.3d 85, 90 (2d Cir. 2008)) (alteration in original).

Recently, Judge Kiyo A. Matsumoto rejected the argument asserted here that a "validation notice violates the FDCPA because it is 'visually inconspicuous.'" Dillard, 2020 WL 4937808, at *6. Judge Matsumoto reasoned that:

> If Plaintiff were able to state a claim on the ground that this particular notice was "burie[d]," it would become exceptionally difficult for debt collectors to know which information to highlight, and which information to place elsewhere in the letter. Here, if

> Defendant had made the validation notice larger or more prominent, Plaintiff could then have alleged that the notice overshadowed and buried other required information.

Id. The Court agrees and adopts Judge Matsumoto's analysis.

Here, as in Dillard, the validation notice is in the middle of the one-page Letter and is not "not printed in a smaller font, or overshadowed by other large or bold font. It is provided in legible typeface, among other important information," including "notices about the recipient's rights." Id.; see generally Letter. As such, "[e]ven the least sophisticated consumer who reads the letter as a whole, as they must, would unfailingly read the validation notice." Nunez v. Mercantile Adjustment Bureau, LLC, No. 19-CV-2962, 2020 WL 2475619, at *8 (E.D.N.Y. May 13, 2020) (internal citation omitted).

Plaintiff argues that McStay v. I.C. Sys., Inc., 308 F.3d 188 (2d Cir. 2002) supports the proposition that debt collection letters must prominently feature a validation notice and draw attention to the notice with, for example, a heading or a change in typeface. (Pl. Opp. at 15-16.) This argument is without merit because "no such requirement exists in this Circuit." See Nunez, 2020 WL 2475619, at *8. In McStay, the issue was whether a debt collector violated the FDCPA by printing a validation notice on the back of a collections letter. McStay, 308 F.3d at 190-92. The Second Circuit held that "when a prominent

11

instruction in the body of the letter warns that there is important information on the reverse side, a reasonable reader, even if unsophisticated, would turn the paper over and read the back. So long as nothing on the front of the letter overshadows or contradicts the validation notice, the FDCPA does not require the notice to be printed on the front." Id. at 191. Thus, McStay is factually inapplicable and does not stand for the proposition that debt collectors must "prominently feature" a validation notice in all circumstances. See Nunez, 2020 WL 2475619, at *8.

Plaintiff has "not asserted that other language in the Letter[] in some way contradicts the validation notice" and thus fails "to show that the mere placement and formatting of the validation notice runs afoul of the FDCPA." Nunez, 2020 WL 2475619, at *8; see also Sturm v. Alpha Recovery Corp., No. 19-CV-0556, 2020 WL 1140425, at *4 (E.D.N.Y. Mar. 6, 2020) ("Plaintiff has cited no case law to support the proposition that, as a matter of law, providing the validation notice prominently within the body of the collection letter fails to adequately inform a debtor of her rights."); Musarra v. Balanced Healthcare Receivables, LLC, No. 19-CV-5814, 2020 WL 1166449, at *7 (E.D.N.Y. Mar. 11, 2020) (rejecting the arguments asserted here where "the collection letter does not misdirect the [least sophisticated consumer] away from his validation notice."). The Letter's placement of the

12

validation notice complies with the FDCPA and the Complaint's second cause of action is DISMISSED.

CONCLUSION

For the foregoing reasons, Defendant's Motion (D.E. 17) is GRANTED.  The Clerk of the Court is directed to enter judgment accordingly and mark this case CLOSED.

SO ORDERED.


/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:    October __5__, 2020
          Central Islip, New York